UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENGAGE | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | Civil Action _____ |
| | § | |
| KYE INTERNATIONAL CORP. and | § | |
| KYE SYSTEMS CORP. | § | |
| *Defendants.* | § | |

**PLAINTIFF ENGAGE'S ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff Engage files this complaint of and about Defendants KYE Systems Corp. and KYE International Corp., and alleges as follows:

**The Parties**

1. Engage a/k/a Engage LLC a/k/a Engage Consulting provides technology consulting services. Engage and Engage LLC are assumed business names for Art Villarreal, Jr. – the general manager. Engage's principal office mailing address is P.O. Box 130505, The Woodlands, Montgomery County, Texas 77393.

2. Defendant KYE International Corp. is a California corporation having a business address of 12675 Colony Street, Chino, San Bernardino County, California. On information and belief, at all times relevant to these claims, KYE International Corp. has been a subsidiary of Defendant KYE Systems Corp. in association with which Defendant KYE Systems Corp. has acted.

1

3. Defendant KYE Systems Corp. is a corporation organized and existing under the laws of Taiwan, Republic of China, having its principal place of business at No. 492, Sec 5 Chung Hsin Road San Chung, Taipei Hsien Taiwan.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1332 (complete diversity, the amount in controversy exceeds $75,000, and alienage jurisdiction), 1367 (supplemental jurisdiction), 2201 and 2202 (declaratory judgment).

5. Venue is proper in this Judicial District according to a forum selection clause in the respective commission agreements between Plaintiff Engage and Defendants KYE Systems Corp. and KYE International Corp. Venue is also proper in this Judicial District under 28 U.S.C. § 1391(b)-(c). Plaintiff Engage resides in this District for purposes of venue and is subject to the personal jurisdiction of this Court.

## Statement of Claims

6. Since 2002, Plaintiff and Defendants have executed commission agreements. In the agreements, Defendants (computer equipment manufacturers) appoint Plaintiff (consultant) as their exclusive sales representative to sell Defendants' products to specific customers.

7. According to the commission agreements, Plaintiff provided technology consulting and sales services to Defendants by, among other things, soliciting orders for Defendants' products and promoting Defendants' products. Defendants partially compensated Plaintiff for a period of time. Then, Defendants stopped paying Plaintiff altogether.

8. Later, Plaintiff discovered that Defendants had concealed, hidden, or otherwise failed to account for customers, relationships, sales, and commissions, for which Plaintiff is owed a significant, substantial, and over-due sum.

9. The parties have negotiated for several months with no resolution. Defendants offered to mediate, but when Plaintiff attempted to arrange for mediation, Defendants retracted the offer to mediate.

## Count One – Breach of Contract

10. There are valid, enforceable commission agreements. Plaintiff is a proper party to prosecute Defendants breaches of the agreements. Plaintiff performed, tendered performance, or was excused from performing its obligations under the agreement. Defendants breached the agreement. Defendants' breaches caused Plaintiff's injury.

**Count Two – Common Law Fraud, Fraudulent Inducement, and Fraud by Nondisclosure**

11. Defendants made representations to Plaintiff. The representations were material and false. When Defendants made the representations, Defendants (a) knew the representations were false, or (b) made the representations recklessly, as positive assertions, and without knowledge of their truth. Defendants made the representations with the intent that Plaintiff act on it. Plaintiff relied on the representation. And the representation caused Plaintiff injury.

12. In addition, Defendants concealed from or failed to disclose the facts to Plaintiff. Defendants had a duty to disclose the facts to Plaintiff. The facts were material. Defendants knew (a) Plaintiff was ignorant of the facts, and (b) Plaintiff did not have an equal opportunity to discover the facts. Defendants was deliberately silent when it had a duty to speak. By failing to disclose the facts, Defendants intended to induce Plaintiff to take some action or refrain from acting. Plaintiff relied on Defendants' nondisclosure. And Plaintiff was injured as a result of acting without the knowledge of the undisclosed facts.

**Count Three – Negligent Misrepresentation**

13. Defendants made representations to Plaintiff in the course of its business or in a transaction in which it had an interest. Defendants supplied false information for the guidance of others. Defendants did not exercise reasonable care or competence in obtaining or communicating the information. Plaintiff justifiably relied on the representation. And Defendants' negligent misrepresentation proximately caused Plaintiff's injury.

4

**Count Four – Unjust Enrichment**

14.     Defendants obtained a benefit from Plaintiff by fraud, duress, or the taking of an undue advantage.

**Count Five – Quantum Meruit**

15.     Plaintiff provided valuable services to Defendants under the commission agreements. Defendants accepted and greatly benefitted from these services. Defendants had reasonable notice that Plaintiff expected compensation for the services. As a result of Defendants' conduct, Plaintiff has been damaged.

**Count Six – Promissory Estoppel**

16.     Defendants made promises to Plaintiff. Plaintiff reasonably and substantially relied on the promises to its detriment. Plaintiff's reliance was foreseeable by Defendants. Injustice can be avoided only by enforcing the Defendants' promises.

**Count Seven – Declaratory Judgment**

17.     A controversy exists between Plaintiff and Defendants over commission agreements. Specifically, among other controversies, Defendants claim that the commission agreements have expired. Plaintiff disagrees. Under section 37.09 of the Texas Civil Practice and Remedies Code, Plaintiff seeks a declaration that the commission agreements have not expired.

**Count Eight – Accounting**

18.     Under the rules of equity and otherwise, Plaintiff is entitled to an order requiring Defendants to render an accurate accounting. Plaintiff further requests that the Court appoint a special master to supervise and certify the accuracy of the accounting.

19.     Plaintiff demanded that Defendants account for their acts. The accounts were wrongfully concealed and may be opened for, among other reasons, the purpose of correction. Defendants refuse to render an accounting.

20.     Alternatively, under the Texas Rules of Civil Procedure, the Court may appoint an auditor or auditors to state the accounts between the parties because an investigation of accounts is necessary for the purpose of justice.

### Count Nine – Temporary and Permanent Injunction

21.     Due to the circumstances described throughout herein, Plaintiff will seek a temporary injunction pursuant to at least Texas Civil Practice and Remedies Code section 65.011. In short, Plaintiff has a probable right to the relief it seeks, he will suffer a probable injury (that is both imminent and irreparable), and there is no adequate remedy at law.

22.     Plaintiff seeks to obtain a permanent injunction in this matter consistent with its claims in this lawsuit.

### Count Ten – Prejudgment Writ of Garnishment

23.     The debt owed by Defendants to Plaintiff described herein is just, due, and unpaid. Plaintiff has reason to believe a garnishee bank has property belonging to Defendants, or are indebted to Defendants.

24.     Plaintiff has demanded payment. But Defendants failed to pay.

25.     Within Plaintiff's knowledge Defendants do not possess property in Texas subject to execution to satisfy the debt.

26.     Garnishment is not sought to injure Defendants or garnishee bank. It is only sought to assist in the collection of a debt.  Part of the known and accounted for debt that is due and owing, subject to and without conceding other damages, is also not contingent – and that part is liquidated.

27.     Plaintiff will post bond.

### Demand for Jury Trial

28.     Under Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all triable issues.

### Conclusion and Prayer

29.     All conditions precedent necessary for Plaintiff to have and recover in this action have been performed, have occurred, or have been waived.

30.     Plaintiff further requests that upon final trial it have judgment or other relief against Defendants for the following:

a.      all actual, general, and special damages and costs of this proceeding, including consequential, incidental, punitive, exemplary (uncapped), injunctive relief, an order enforcing the commission agreements, attorney fees (for trial and appeal) (e.g., under chapters 38 and 37 of Texas Civil Practice and Remedies Code), paralegal fees, expert fees, pre-judgment and post-judgment interest, and costs (including depositions); and

b.      any other remedy it may be entitled or the Court deems appropriate in law or equity.

Respectfully submitted,

*/s/ **Kirby D. Hopkins***
Kirby D. Hopkins, attorney-in-charge
State bar no. 24034488
Southern District bar no. 38121
21 Waterway Avenue, Suite 300
The Woodlands, Texas 77380
281.362.2863 (phone)
855.558.1745 (fax)
hopkins@druckerhopkins.com (email)

**Drucker | Hopkins**, of counsel
21 Waterway Avenue, Suite 300
The Woodlands, Texas 77380
281.362.2863 (phone)
855.558.1745 (fax)
trials@druckerhopkins.com (email)

**Attorneys for Plaintiff Engage**